UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ABERNETHY, 29710-058,<br>Petitioner,<br>v.<br>ACTING WARDEN, FCI-DUBLIN,<br>Respondent. | Case No. 22-cv-03284-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner, a federal prisoner serving a sentence from the United States District Court for the Western District of North Carolina, seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) computation of her federal sentence. Petitioner specifically seeks an order directing BOP to recalculate her sentence based on federal time credits (FTCs) she is entitled to under the First Step Act (FSA).

## BACKGROUND

On January 12, 2017, petitioner was sentenced to a prison term of 135 months for conspiracy to possess with intent to distribute cocaine. Hubbard Decl. (ECF No. 6-1) ¶ 3 & Ex. 1 at 3. She was committed to the custody of BOP on April 17, 2017. Id. Ex. 1 at 3.

On June 3, 2022, while incarcerated at the Federal Correctional Institution in Dublin, California (FCI-Dublin), petitioner filed the instant pro se petition for a writ of habeas corpus under § 2241 claiming that BOP's delay in recalculating her sentence based on FTCs she is entitled to under FSA is delaying her release from prison. ECF No. 1.

On September 27, 2022, the court found that, liberally construed, petitioner's claim appears arguably cognizable under § 2241 and ordered respondent to show cause why a writ of habeas corpus should not be granted. ECF No. 5. Respondent filed an answer asking the court to dismiss the petition. ECF. No. 6. Petitioner did not file traverse.

**DISCUSSION**

Petitioner seeks correction of her federal sentence computation by way of a writ of habeas corpus ordering BOP to recalculate her sentence based on FTCs she is entitled to under FSA.[1] Respondent asks the court to dismiss the petition on the grounds that petitioner's claim is moot because BOP recalculated petitioner's sentence since the petition was filed. Alternatively, respondent argues that the claim is unexhausted and that it is not yet ripe for adjudication. The court finds that petitioner's claim is moot.

A.   Mootness

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). A claim is considered moot if it has lost its character as a present, live controversy and if no effective relief can be granted due to subsequent developments. Flast v. Cohen, 392 U.S. 83, 95 (1968). An analysis of mootness thus requires courts to look to changing circumstances that arise after the complaint is filed. ACLU v. Heller, 471 F.3d 1010, 1016 (9th Cir. 2006).

Here, petitioner's claim is moot because her requested relief—that the court order BOP to recalculate her sentence in accordance with FSA—can no longer be granted by the court. Shortly after petitioner filed the instant petition in June 2022, BOP started recalculating prisoners' FTCs using a "specially developed application" to implement FSA. Hubbard Decl. ¶ 4. Accordingly, while still incarcerated at FCI-Dublin, petitioner received 195 days of FTCs under FSA, which shortened her projected release date to December 28, 2023. Id. She now is housed at a halfway house in the Raleigh Residential Reentry Management area (Raleigh RRM area), id., and her projected release date was furthered shortened to July 11, 2023, BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited March 1, 2023).

Because BOP already has granted petitioner the relief she seeks—recalculation of her sentence in accordance with FSA—"no effective relief can be granted due to subsequent developments." Flast, 392 U.S. at 95. The petition accordingly is dismissed as moot.

---

[1] Petitioner does not request a specific number of FTCs. Rather, she asks the court to instruct BOP to recalculate her sentence in accordance with FSA. ECF No. 1 at 7.

2

B.   Exhaustion

Respondent also argues that the petition should be dismissed because petitioner did not exhaust available administrative remedies before filing suit. Because the petition is moot, the court need not decide this issue. But if petitioner wishes to challenge BOP's most recent recalculation of her sentence under FSA, she must exhaust available administrative remedies before filing a new petition.

While § 2241 does not contain an explicit statutory exhaustion requirement, the Ninth Circuit requires a petitioner to exhaust administrative remedies before filing a § 2241 petition. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241") (citation omitted).

BOP has a multi-step administrative remedy program allowing a prisoner "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, a prisoner should attempt informal resolution of the issue with the appropriate staff member. Id. § 542.13(b). If informal resolution is unsuccessful, the prisoner may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." Id. § 542.14(a). The request is "considered filed on the date it is logged into the Administrative Remedy Index as received." Id. § 542.18. Once filed, the warden is to respond to the request within twenty (20) calendar days. Id. A prisoner dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." Id. § 542.15(a). Finally, a prisoner may appeal the Regional Director's response, using the BP- 11 form, to BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." Id. Petitioner must follow this multi-step process before filing a § 2241 petition challenging BOP's most recent recalculation of her sentence under FSA.

C.   Ripeness

Respondent finally argues that the petition should be dismissed because petitioner's FSA claim is not yet ripe because petitioner cannot assert that her projected FTCs may result in a late

3

release. Respondent relies on two cases in which two different district courts found that recalculation of FTCs pursuant to FSA was not ripe for adjudication: (1) <u>Khouanmany v. Carvajal</u>, No. 20-cv-02858-LHK, 2021 WL 2186218 (N.D. Cal. May 28, 2021); and (2) <u>Hand v. Barr</u>, No. 20-cv-00348-SAB-HC, 2021 WL 392445 (E.D. Cal. Feb. 4, 2021), <u>report and recommendation adopted by</u>, No. 20-cv-00348-AWI-SAB-HC, 2021 WL 1853295 (E.D. Cal. May 10, 2021). A dispositive fact in both of these cases was that FSA provided until January 15, 2022 for BOP to "phase-in" the evidence-based recidivism reduction programs and productive activities for all prisoners, which are part of the calculation for FTCs. <u>See</u> 18 U.S.C. § 3621(h)(2)(A). Because the petitioners in <u>Khouanmany</u> and <u>Hand</u> filed their respective petitions <u>before</u> January 15, 2022, the courts found that the claims therein were not yet ripe for adjudication. <u>See</u> <u>Khouanmany</u>, 2021 WL 2186218, at *7; <u>Hand</u>, 2021 WL 392445, at *5.

In the instant case, petitioner filed her petition <u>after</u> January 15, 2022. It therefore does not necessarily follow that her claim is not yet ripe for adjudication. But because the court already has found that the petition is moot, it need not decide whether the FSA claim herein is ripe for review. <u>See</u> <u>Butler v. Bradley</u>, No. CV 20-11211 DMG (RAO), 2021 WL 945252, at *3 n.4 (C.D. Cal. Feb. 22, 2021) (declining to decide whether FSA claims are ripe), <u>report and recommendation adopted by</u>, No. CV 20-11211 DMG (RAO), 2021 WL 5596151 (C.D. Cal. Nov. 30, 2021).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus under § 2241 is DISMISSED as moot.

**IT IS SO ORDERED**.

Dated: March 2, 2023

_____
CHARLES R. BREYER
United States District Judge